UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JENNIFER MAIN, | ) | |
|---|---|---|
| | ) | Case No. 1:23-cv-186 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Magistrate Judge Susan K. Lee's Report and Recommendation (Doc. 24), which recommends that Plaintiff Jennifer Main's request for relief (Doc. 15) be denied and that Defendant Commissioner of Social Security's request for affirmation of his final decision be affirmed (Doc. 18.) Plaintiff filed timely objections to Judge Lee's Report and Recommendation. (Doc. 26.)

## I. STANDARD OF REVIEW[1]

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). However, if an objection merely restates arguments asserted in a plaintiff's

---

[1] Because Plaintiff does not object to Judge Lee's recitation of the facts and procedural history, the Court will not restate them.

earlier motion which were addressed by the Magistrate Judge's Report and Recommendation, it constitutes only a general objection and is deemed waived. *See Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 WL 5000070, at *1 (6th Cir. Mar. 26, 2020) ("[A] general objection to a magistrate judge's report is considered tantamount to no objection at all."); *see also United States v. Price*, No. 3:23-cr-35, 2023 WL 8370411, at *13 (E.D. Tenn. Dec. 4, 2023) ("[O]bjections [that] reiterate arguments that defendants have previously made [] are considered general objections that do not sufficiently identify alleged errors in the R&R.") The Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

**II. ANALYSIS**

Plaintiff purports to raise three objections to the Report and Recommendation. However, all three are merely restatements of arguments which Plaintiff made in her prior briefings. (Docs. 16, 23.)

Plaintiff first argues that Judge Lee erred by finding that the ALJ's finding on residual functional capacity ("RFC") was supported by substantial evidence. (Doc. 26, at

4.) Specifically, Plaintiff claims that the ALJ disregarded the opinions of Amy Fowler, Jeff Eckert, and Dee Langford. (Doc. 26, at 5–6.) However, this simply restates the argument Plaintiff made in her briefing. (*See* Doc. 16, at 20.) Judge Lee fully considered and rejected this argument. (*See* Doc. 24, at 26 n.10.) Plaintiff's "objection" is nothing more than a general disagreement with the magistrate judge's conclusion and does not constitute an objection meriting *de novo* review. *See Price*, 2023 WL 8370411, at *4 ("Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue."); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Plaintiff next argues that it was error for Judge Lee to find that the ALJ gave appropriate weight to the opinion of Plaintiff's treating physician. (Doc. 26, at 6.) This is the same argument Plaintiff made in her briefing (Doc. 16, at 16), which Judge Lee directly considered and rejected (*see* Doc. 24, at 18 ("I note the ALJ was clearly aware of and considered Plaintiff's long-term treating relationship with Dr. Castrilli as compared to the non-examining role played by the DDS medical consultants.")). This argument is, at best, a general objection which does not merit *de novo* review.

Finally, Plaintiff objects to Judge Lee's finding "that the ALJ[] was correct that the Plaintiff had a medical improvement which occurred on November 19, 2019." (Doc. 26, at 10.) This is the same argument, based upon the same law, that Plaintiff raised in her briefings, cites the same cases that she does now. (*See* Doc. 16, at 22 (citing

3

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (2013).) Again, Judge Lee considered the caselaw cited by Plaintiff and rejected her argument. (*See* Doc. 24, at 9–15.) Plaintiff's general objection is waived. *See Price*, 2023 WL 8370411, at *13.

Having conducted a review of Judge Lee's Report and Recommendation, as well as all the record evidence presented in this case, the Court agrees with Judge Lee's well-reasoned conclusions. Accordingly, Plaintiff's Objections (Doc. 26) are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 24): Plaintiff's request for relief (Doc. 15) is **DENIED**, Defendant's request for affirmance of his final decision denying benefits (Doc. 18) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**